UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FRANK D. EDWARDS (#B72496),            )
                                       )
       Plaintiff                       )
                                       )
v.                                     )
                                       )    No. 03 C 1269
OFFICER YARBROUGH,                     )
OFFICER POWELL, in their individual    )    Judge Amy St. Eve
capacities;                            )
and CALLIE BAIRD, in her official capacity as )
the Executive Director of the Cook County )
Department of Corrections,             )
                                       )
       Defendants.                     )

## FIRST AMENDED COMPLAINT

1. This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution, against Officer Yarbrough, Officer Powell, in their individual capacities, and Callie Baird, in her official capacity as the Executive Director of the Cook County Department of Corrections.

2. It is alleged that the individual officer defendants subjected the plaintiff to attack by fellow detainees that resulted in a broken jaw with recklessness and/or deliberate indifference to his safety while in the custody of the Cook County jail as a pre-trial detainee. It is further alleged that the Cook County jail is overseen by the Executive Director of the Cook County Department of Corrections, and that the violations of the plaintiff's constitutional rights were committed as a result of policies and customs put in place by the Executive Director of the Cook County

1

Department of Corrections.

## Jurisdiction

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

## Parties

4. Plaintiff Frank Edwards was at all material times a resident of Chicago, Cook County, Illinois, and over eighteen years of age.

5. Defendant Officer Yarbrough was at all times relevant to this complaint a duly appointed and acting officer of the Cook County jail and/or Cook County Department of Corrections, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of Cook County. Defendant Officer Yarbrough resides in the Northern District of Illinois.

6. Defendant Officer Powell was at all times relevant to this complaint a duly appointed and acting officer of the Cook County jail and/or Cook County Department of Corrections, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of Cook County. Defendant Officer Powell resides in the Northern District of Illinois.

7. Callie Baird is the Executive Director of the Cook County Department of Corrections [hereinafter "Executive Director"]. Defendant Baird and Baird's predecessors were at all relevant times responsible for overseeing the day-to-day operations of the Cook County Jail, including supervision of the guards and the inmates, along with responsibility for the formulation and execution of policies and rules and regulations in effect at the Cook County Jail.

## FACTS

8. On or about September 19, 2002, Plaintiff Edwards was arrested for armed robbery. Plaintiff Edwards was dressed as a woman and wearing a wig at the time. Mr. Edwards appears and acts very effeminately, characteristics that were known to the Officer Defendants and the officers who assigned Plaintiff Edwards to his cell block.

9. After being arraigned and unable to post bail, Plaintiff Edwards was transferred to the Cook County jail as a pre-trial detainee. Before being assigned a cell block, Plaintiff Edwards was interviewed by certain officers of the Cook County jail, at which time Plaintiff Edwards informed these officers that he was a homosexual and transvestite.

10. Upon information and belief, instead of a system to classify its detainees as "vulnerable" and segregating detainees based on risk to be attacked by other detainees or risk to attack other detainees, the Executive Director with deliberate indifference to the constitutional rights of the detainees has a policy of classifying and assigning detainees to cell blocks based solely on their risk of escape and risk of harm to the Cook County officers. Upon information and belief, all Defendants at all times knew or were intentionally ignored the fact that transvestites, homosexuals, and effeminate looking and acting men were much more likely to be attacked by other detainees and were much more likely to be attacked by those detainees placed in the maximum security cell blocks.

11. Upon information and belief, the system to classify detainees designed and implemented by the Executive Director with deliberate indifference to the constitutional rights of the detainees, has a policy of not accommodating or taking into consideration the sexual orientation of detainees or the increased risk a detainee will have to be physically and sexually attacked by

3

other detainees.

12. Upon information and belief, the Executive Director with deliberate indifference to the constitutional rights of detainees has implemented a custom or policy of not adequately investigating complaints and instances of physical or sexual attacks on detainees by detainees and then segregating those attackers from the general jail population.

11. Plaintiff Edwards was assigned to cell bock Division 10, 2-A.

12. By the second week of October 2002, Plaintiff Edwards was experiencing harrassment from fellow detainees on his cell block. This harrassment took the form of demands for sexual favors and threats of physical violence. Plaintiff Edwards during this time period informed the officers on duty, including Officer Yarbrough, of the physical and sexual threats directed towards him by fellow detainees on the cell block 2-A.

13. Sometime in the second week of October 2002, Plaintiff Edwards was attacked by one of his cell mates. At this time, the cell mate said he could not live with a homosexual anymore and indicated that he had been receiving harrassment from other detainees on the cell block for sharing a cell with Plaintiff Edwards.

14. When news of the altercation between Plaintiff Edwards and his cell mate were reported to the Officer Yarbrough, Defendant moved Plaintiff Edwards to a different cell block, Division 10, 1-C.

15. On cell block 1-C, Plaintiff Edwards immediately encountered threats of physical and sexual violence. Plaintiff Edwards immediately notified Officer Yarbrough of the imminent danger to Plaintiff, and Officer Yarbrough decided to move Plaintiff Edwards back to Division 10, 2-A, despite the fact Officer Yarbrough knew Plaintiff Edwards was in imminent danger of

4

physical and sexual attack in cell block 2-A.

16. Plaintiff Edwards continued to receive physical and sexual threats after being moved back to cell block 2-A. Plaintiff Edwards routinely notified the officers on duty of these threats, including Officers Yarbrough and Powell. By December 4, 2002, Plaintiff Edwards notified Officer Powell that his "life was in danger." Plaintiff Edwards also requested during this time to be transferred to a safer environment on a continual basis to Officers Powell and Yarbrough.

17. Officers Powell and Yarbrough made no attempt to identify the detainees threatening Plaintiff Edwards or to move Plaintiff Edwards to a different and safer environment despite their knowledge Plaintiff Edwards was immediate danger of attack.

17. On December 5, 2002, Plaintiff Edwards was awoken in his cell with four detainees standing over him. The four detainees demanded oral and anal sex with Plaintiff Edwards, and Plaintiff Edwards refused. Plaintiff Edwards attempted to escape his cell at this time, at which a struggle ensued. At this time, one detainee hit Plaintiff Edwards in the face, breaking Plaintiff Edwards' jaw.

18. Plaintiff Edwards then went to Officer Yarbrough and was removed from cell block 2-A. At this time Plaintiff Edwards demanded an investigation and told Officer Yarbrough that he wanted to press criminal charges against his attackers. Officer Yarbrough refused, telling Plaintiff there was "nothing she could do about it and it would only make matters worse."

19. As a result of Plaintiff Edwards' broken jaw, he suffered for over a year with severe pain and the inability to eat solid foods. Plaintiff Edwards' jaw was wired shut and he was prescribed pain medication.

20. As a direct and proximate result of the said acts of the defendant Officers and the policies and customs of the Executive Director, Plaintiff Edwards suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourteenth Amendment to the United States Constitution, to wit, a loss of his physical liberty;

    b. Physical pain and suffering and emotional trauma and suffering.

21. The actions of the defendant Officers and the Executive Director violated the clearly established and well settled federal constitutional right of Plaintiff Edwards to not be deprived of life, liberty, or property without due process of law.

## COUNT I
### 42 U.S.C. § 1983 Against Individual Defendants

22. Paragraphs 1 through 21 are incorporated herein by reference as though fully set forth.

23. Plaintiff Edwards claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendants Officer Yarbrough and Officer Powell for violation of his constitutional rights under color of law.

## COUNT II
### 42 U.S.C. § 1983 Against Callie Baird, in her official capacity as Executive Director of the Cook County Department of Corrections

24. Paragraphs 1 through 21 are incorporated herein by reference as though fully set forth.

25. Prior to and including December 5, 2002, the Executive Director of the Cook County Department of Corrections developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons detained at Cook County jail, which caused the violation of Plaintiff Edwards' constitutional rights.

26. It was the policy and/or custom of Cook County jail to:

   a. inadequately or improperly classify detainees as to their vulnerability to violence by other inmates within the Cook County jail and segregate said vulnerable inmates from the general populace;

   b. inadequately or improperly classify detainees as to their penchant for or past history of sexual or physical attacks and segregate said dangerous detainees from the general populace and/or particularly vulnerable detainees of the Cook County jail;

   c. inadequately or improperly investigate physical or sexual attacks between inmates so as to properly classify and segregate dangerous detainees;

   d. inadequately and improperly staff cell blocks with enough officers to maintain control and supervision over inmates so as to protect and end any violence between detainees.

27. As a result of the above described policies and customs, officers of the Cook County jail, including the defendant officers, would not properly classify detainees as dangerous or particularly vulnerable to attack and so segregate said detainees from the general population, or adequately investigate attacks by detainees on other detainees to prevent such attacks in the future.

28. The above-described policies and customs demonstrated a deliberate indifference on the part of the Executive Director to the constitutional rights of detainees of Cook County jail, and were the cause of the violations of plaintiff's rights alleged herein.

   WHEREFORE, the plaintiff requests that this Court:

   a. Award compensatory damages to plaintiff against the defendants, jointly and severally;

   b. Award costs of this action to the plaintiff;

7

c.  Award reasonable attorney's fees and costs to the plaintiff on Counts I and II of the complaint;

d.  Award such other and further relief as this Court may deem appropriate.

Respectfully submitted,

_____
Attorney for Plaintiff Frank Edwards

Matthew T. Heffner, Esq.
Susman & Watkins
Two First National Plaza
20 South Clark Street, Suite 600
Chicago, Illinois 60603
Phone: (312) 346-3466
Fax: (312) 346-2829

Dated: April 23, 2004

\\Crwsecretary\sbw\Edwards v. Yarborough\Pleadings\Edwards Complaint.wpd
April 23, 2004 (1:44pm)

8